IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRACY WILLIAMS,

    Plaintiff,

vs.          Case No. 10-1211-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

    Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the

conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in

2

any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other

jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On October 6, 2009 administrative law judge (ALJ) Edmund C. Werre issued his decision (R. at 11-19). Plaintiff alleges that he has been disabled since November 9, 2008 (R. at 11). Plaintiff is insured for disability insurance benefits through December 31, 2013 (R. at 13). At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability (R. at 13). At step two, the ALJ found that plaintiff had the following severe

4

impairments: lumbar arthralgias and iliohypogastric nerve pain etiology unknown status post right groin exploratory procedure (R. at 13). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 13). After determining plaintiff's RFC (R. at 14), the ALJ found at step four that plaintiff is unable to perform any past relevant work (R. at 17). At step five, the ALJ found that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 18-19). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 19).

**III. Are the ALJ's RFC and credibility findings supported by substantial evidence?**

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8p, 1996 WL 374184 at *7. SSR rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118,

1120 (10th Cir. 1993). When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence. See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003). The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence. Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003). It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions. Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995). When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination. Such bare conclusions are beyond meaningful judicial review. Brown v. Commissioner of the Social Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

The ALJ found that plaintiff had the ability to perform light work, which demands lifting up to 20 pounds occasionally, and lifting or carrying up to 10 pounds frequently; standing or

walking 6 hours in an 8 hour workday and sitting 6 hours in an 8 hour workday with alternating sitting and standing every 30 minutes. The ALJ also found that plaintiff cannot perform work which requires climbing on ladders, ropes or scaffolds (R. at 14).

Following a surgical procedure on April 18, 2008 on plaintiff's groin (R. at 267-269), Dr. Knudtson, plaintiff's surgeon, reported a June 20, 2008 conversation with the plaintiff:

> Mr. Williams called in on 6/20/08 with some
> questions about his incision. I spoke
> to him today, and he relates that he
> continues to have some burning and stinging.
> He thinks it's directly underneath the
> incision and at the base of his penis, where
> he was having the pain before. He states if
> he's not walking, he generally doesn't
> have much pain. <u>When he's at work, he takes
> ibuprofen and that seems to almost
> completely resolve his pain</u>. I told him that
> my suspicion was that this would get better
> over time, but that there certainly wasn't
> anything surgically we could do
> about it. I did offer again a referral to a
> pain specialist. He said he'd take that
> into consideration...

(R. at 270, emphasis added).

The medical evidence regarding plaintiff's limitations includes a consultative evaluation by Dr. Cornett, who stated on January 3, 2009 that:

> The patient reports a 13 year history of low
> back and bilateral groin pain. There is no
> history of surgery. The patient is on no
> medication for this condition. Today, there

7

>    is limited range of motion of the lumbar
>    spine with pain noted. Paraspinous muscle
>    spasm is noted. The patient can bend 12
>    inches to the floor. Gait is mildly impaired
>    due to his back pain. No assistive device is
>    mandatory today. There is mild difficulty
>    with orthopedic maneuvers. There is no
>    asymmetrical reflex, sensory, or motor
>    deficit noted today.

(R. at 284). A state agency assessment dated January 20, 2009 reviewed the medical records, including the evaluation by Dr. Cornett, and concluded as follows:

>    There is no MDI for his back pain and x-ray
>    of lumbar spine was normal. There is MDI for
>    right groin pain as path report 04/22/08
>    revealed iliohypogastric nerve. However, the
>    objective medical evidence supports this is
>    non-severe at this time. Clmt's severity of
>    this allegation is not fully credible as clmt
>    has no reflex, sensory, or motor deficit upon
>    examination.

(R. at 293). Dr. Siemsen approved the above assessment after his review of the evidence in the file (R. at 294).

The only other medical evidence regarding plaintiff's limitations was provided by the plaintiff in his testimony, which is set forth as follows:

>    Q (by plaintiff's attorney): Do you remember
>    whether the doctor had any restrictions on
>    you as far as what you could lift or how long
>    you could stand?
>
>    A (by plaintiff): Well, he had a restriction
>    on me that I couldn't lift over 25 pounds and
>    he kept telling me I'd get better, just be
>    careful and, you know.

(R. at 33). Later at the hearing, plaintiff again testified

8

regarding the limitation given him by his doctor:

> Q (by ALJ): How much can you lift?
>
> A (by plaintiff): No more than what the doctor said, about 25. No more than that, and I don't even try to lift up that really.

(R. at 41).

The ALJ noted that plaintiff testified that he can lift no more than 25 pounds. Due to plaintiff's groin and back pain, the ALJ determined that it was reasonable to conclude that plaintiff is limited to lifting 20 pounds occasionally and lifting or carrying 10 pounds frequently (R. at 16). This finding is consistent not only with plaintiff's testimony regarding his limitations, but also with plaintiff's testimony that his physician had limited him to not lifting over 25 pounds.

The ALJ also noted that no doctor had imposed limitations regarding sitting, standing or walking (R. at 16). The only restriction that plaintiff indicated that had been given him by a physician was not to lift over 25 pounds (R. at 33). The ALJ also noted that plaintiff had sit for approximately 30 minutes during the hearing, even though he was told that he could stand if needed (R. at 17). Based on this information, the ALJ concluded that plaintiff could sit for 6 hours in an 8-hour workday and stand for 6 hours in an 8-hour workday with alternating sitting and standing every 30 minutes. The ALJ further stated that to prevent aggravating his back and groin,

plaintiff could not perform work requiring climbing on ladders, ropes or scaffolds (R. at 17).

In the case of Howard v. Barnhart, 379 F.3d 945 (10th Cir. 2004), the court stated that although the lack of evidence accompanying the ALJ's RFC determination was troubling, the court nonetheless found that none of the record medical evidence conflicted with the ALJ's conclusion that plaintiff can perform light work, 379 F.3d at 947, and later concluded that substantial evidence supported the ALJ's RFC determination. 379 F.3d at 948. In the case before the court (Williams), there is very little medical opinion evidence regarding plaintiff's RFC; however, as in Howard, there is no medical evidence that conflicts with the ALJ's conclusion that plaintiff can perform light work. The lifting limitations associated with light work is consistent with plaintiff's own testimony and with the restriction placed on plaintiff by his doctor. Plaintiff did not indicate that his doctor(s) had placed any other limitations on his ability to work.

The ALJ noted that plaintiff indicated at the hearing that he is unable to work due to severe groin pain, and that his ability to lift, walk and sit is limited due to pain (R. at 14). The ALJ further noted that plaintiff testified at the hearing that he is in constant pain and that Ibuprofen does little to lessen the pain (R. at 15). However, as noted by the ALJ, Dr.

10

Knudtson, following plaintiff's groin surgery, reported that plaintiff told him on June 20, 2008 that "When he's at work, he takes ibuprofen and that seems to almost completely resolve his pain" (R. at 270). The ALJ concluded that plaintiff's claims of disabling pain were not supported by the medical evidence, including plaintiff's own statement to his surgeon.

The ALJ also noted that plaintiff continued to work full-time until November 8, 2008 (R. at 15). Plaintiff indicated that the two jobs that he performed in 2008 were jobs that required walking and standing for most of his shift (R. at 16, 235-237). Although plaintiff had reported a 13 year history of pain (R. at 31, 284), the ALJ noted there was nothing in the medical records indicating a worsening of symptoms while plaintiff was employed. This fact, and the fact that these impairments had not previously prevented plaintiff from working at substantial gainful activity suggested to the ALJ that his impairments would not currently prevent work (R. at 16).

Credibility determinations are peculiarly the province of the finder of fact, and a court will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). Furthermore, the ALJ cannot ignore evidence favorable to

11

the plaintiff.  Owen v. Chater, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require a formalistic factor-by-factor recitation of the evidence.  So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the ALJ will be deemed to have satisfied the requirements set forth in Kepler.  White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).  Furthermore, the ALJ need not discuss every relevant factor in evaluating pain testimony.  Bates v. Barnhart, 222 F. Supp.2d 1252, 1260 (D. Kan. 2002).  An ALJ must therefore explain and support with substantial evidence which part(s) of claimant's testimony he did not believe and why.  McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002).  It is error for the ALJ to use standard boilerplate language which fails to set forth the specific evidence the ALJ considered in determining that a claimant's complaints were not credible.  Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004).  On the other hand, an ALJ's credibility determination which does not rest on mere boilerplate language, but which is linked to specific findings of fact fairly derived from the record, will be affirmed by the court.  White, 287 F.3d at 909-910.

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  Hackett v. Barnhart, 395

F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion).

The ALJ explained and supported with substantial evidence which part(s) of claimant's testimony he did not believe and why. Furthermore, the ALJ's credibility determination is linked to specific findings of fact fairly derived from the record. The ALJ reasonably relied on the report from plaintiff's surgeon, Dr. Knudtson, to discount plaintiff's allegations of disabling groin pain which prevents him from working.[1] The ALJ also reasonably relied on plaintiff's ability to work despite 13 years of pain and no indication from the medical records that his pain worsened while he was working. Furthermore, the ALJ's RFC findings do not conflict with any of the medical records, and are consistent with work requirements that plaintiff performed at two jobs following his groin surgery in April 2008 (R. at 235-237). The court finds

---

[1]Plaintiff's counsel stated at the hearing that although plaintiff has alleged back issues and groin pain, "it's really just more of the groin issue" as the reason for his disability (R. at 23).

13

that the conclusions reached by the ALJ regarding plaintiff's credibility are reasonable and consistent with the evidence.

In weighing plaintiff's credibility, the ALJ also noted that the record indicated that plaintiff had received relatively little medical treatment; the record further indicated no ongoing use of prescription medication by the plaintiff (R. at 16). The ALJ specifically noted little evidence of any treatment for groin pain after his discussion with Dr. Knudtson on June 20, 2008. The ALJ indicated that plaintiff had testified that the lack of medical treatment was due in part to not having a medical card or not being able to afford treatment, but further noted that plaintiff worked full-time until November 8, 2008 (R. at 15).

The 10th Circuit, relying on the case of Thompson v. Sullivan, 987 F.2d 1482, 1489-90 (10th Cir. 1993), has repeatedly held that the inability to pay may justify a claimant's failure to pursue or seek treatment. Threet v. Barnhart, 353 F.3d 1185, 1190 n.7 (10th Cir. 2003); Norris v. Apfel, 215 F.3d 1337 (table), 2000 WL 504882 at *8 (10th Cir. Apr. 28, 2000); Smith v. Apfel, 149 F.3d 1191 (table), 1998 WL 321176 at *4 (10th Cir. June 8, 1998); Snead v. Callahan, 129 F.3d 131 (table), 1997 WL 687660 at *4 (10th Cir. Oct. 31, 1997). Furthermore, SSR 96-7p requires the ALJ to determine if there are good reasons the claimant does not seek medical treatment. SSR 96-7p, 1996 WL 374186 at *7; see Madron v. Astrue, 311 Fed. Appx. 170, 178 (10th

14

Cir. Feb. 11, 2009).

However, in the case before the court, the ALJ did consider and examine plaintiff's reasons for not seeking medical treatment. As noted above, the court will not reweigh the evidence or substitute its judgment for that of the Commissioner. The court can only review the sufficiency of the evidence. Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo. Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007). The court finds no clear error by the ALJ in his consideration of plaintiff's lack of medical treatment or the reasons offered by plaintiff for the lack of medical treatment. The court finds that the balance of the ALJ's credibility analysis is supported by substantial evidence in the record. Branum v. Barnhart, 385 F.3d 1268, 1274 (10th Cir. 2004).

In summary, the court finds that the ALJ's credibility determination is linked to specific findings of fact fairly derived from the record. The court also finds that substantial evidence supports the ALJ's RFC determination. The RFC findings do not conflict with any medical evidence, and they incorporate the only limitation given plaintiff by his physicians.

IT IS THEREFORE ORDERED that the judgment of the

Commissioner is affirmed pursuant to the fourth sentence of 42 U.S.C. § 405(g).

Dated this 17th day of May, 2011, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge